CLARA M. BROWN v. JOHN L. REDDICK ET AL.

*Deed—Description.*

The proper construction of certain deeds, as to the description of the lands conveyed, is involved in this case, and an examination of the opinion is essential to a correct understanding of the case.

Appeal from Berrien. (O'Hara, J.) Argued February 13, 1894. Decided March 6, 1894.

Bill to quiet title. Complainant appeals. Decree reversed, and one entered in this Court in accordance with the opinion. The facts are stated in the opinion.

*Edward Bacon,* for complainant.

*Edward L. Hamilton,* for defendant Reddick.

LONG, J. Complainant and all the defendants but Red-

dick were the heirs at law of one Thomas Deniston, who, at the time of his death, was the owner in fee of the north 97 feet of lot 24 of William Justice's plat of the village (now city) of Niles, with other property. After the death of Thomas Deniston, the heirs met together and agreed upon a division of his property. It was agreed that this 97 feet of lot 24 should be divided among his four daughters

SYCAMORE STREET.

as follows: Sarah J. Webber and Pauline R. Eason were to have, jointly, a strip 20 feet wide across the south end of said 97 feet; complainant, Clara M. Brown, was to have a strip 20 feet wide across the lot, and next north of that allotted to Sarah J. Webber and Pauline R. Eason; and the north 56½ feet was allotted to Rebecca A. Ingersoll. It appears that, at the time these conveyances were executed,

there were two brick stores upon said lands, which had been constructed by Thomas Deniston in his lifetime. The plat on preceding page will show the situation of the premises and the stores thereon.

The front part of the south 40 feet is taken up by the stores. They extend back to within about 16 feet of the back end of the lot. It will be noticed that the north line of the north store contains a jog. It runs east from the front for a distance, then jogs south about 2½ feet, and extends thence east to within 16 feet of the back end of the lot. North of these stores, and upon the other part of this 97 feet, was the dwelling-house of Thomas Deniston. In drawing the deeds, the scrivener was given the situation of the premises and what each party was to take. The part belonging to Mrs. Webber and Mrs. Eason was described as—

"A part of lot 24, * * * beginning 97 feet south of the north-west corner of said lot; thence running north 20 feet, more or less, to the center of the partition wall between the two brick store buildings now standing on the north 97 feet of said lot 24; and extending east, to the east line of said lot, the same width."

The part given to Mrs. Brown, the complainant, is described in the deed to her as—

"Beginning 56½ feet, more or less, south of the north-west corner of said lot 24, and at the north-west corner of the stone wall forming the north foundation wall of the north brick store on said lot 24; thence running south 20 feet; and extending east the same width to the east boundary line of said lot · 24,—the premises hereby conveyed being that part of lot 24 aforesaid occupied by said brick store and immediately to the east of said building; the stone foundation wall of said building, on the north, being, so far as it extends, the northermost part of said premises hereby conveyed."

The part given to Mrs. Ingersoll is described in the deed to her as—

"All that part which lies north of the stone wall form-
ing the north foundation wall of the north brick store
building on said lot,—the premises hereby conveyed being
the homestead lately occupied by Thomas Deniston, deceased,
and the north 56½ feet, more or less, of said lot 24."

Mrs. Ingersoll subsequently conveyed the premises so
deeded to her to the defendant Reddick. In that deed
the premises are described as—

"All that part of lot numbered 24 * * * which lies
north of the stone wall forming the north foundation wall
of the north brick store building on said lot,—the premises
hereby conveyed being the homestead lately occupied by
Thomas Deniston, deceased, and all of the interest owned
by said party of the first part in said lot 24, and being the
north 57 feet, more or less, of said lot."

After this deed was executed, the defendant Reddick
claimed title to the strip of land situate in the jog made
by the stone wall on the north side, that is, the defendant
Reddick claimed that the deed to Mrs. Brown describes a
line continuing, from the north-west corner of the north
brick store, around on the north line of the foundation
wall, so far as it extends eastward, and thence continuing
east to the line of the lot. This bill is filed to quiet title
in the complainant to this small strip. Defendant Red-
dick claims to be a *bona fide* purchaser, under his deed
from Mrs. Ingersoll, without notice of the claim now set
up by the complainant.

The court below entered a decree in favor of defendant
Reddick, finding the title to this strip in him. In this we
think the court was in error. It is apparent, upon the face
of the deeds, that the north line of the complainant's land
is on a line extending directly eastward to the line of the
lot, and not following the foundation wall around in this
jog. It was the evident purpose, in making the deeds,
that Mrs. Webber and Mrs. Eason should have the south
20 feet, upon which stood the south store. These lines

were straight lines on each side. Mrs. Brown was to take the next 20 feet, and it is conceded that the south line of that piece is a straight line, extending eastward to the line of the lot. Mrs. Brown's land is described as beginning 56½ feet south of the north-west corner of the 97 feet, and running south 20 feet, and "extending east the same width to the east boundary line of said lot." It is true that the words are added: "The stone foundation wall of said building, on the north, being, so far as it extends, the northermost part of said premises." But this paragraph does not, in terms, limit the width of the entire lot. "So far as it extends" must be construed in connection with other parts of the description, and, when so construed, is not in any sense ambiguous or open to the construction contended for. It means to the jog, and from thence the line continues eastward to the line of the lot. The lot is to be of the same width as at its commencement, at the front; that is, 20 feet. It was not the intent of the parties to the agreement that it should be narrower when the jog was reached, for it was further provided in the description that it was the premises upon which the store is situate, and that part "immediately to the east of said building." It is also apparent that, when the deeds were executed, there was a limit to be placed upon that part deeded to Mrs. Ingersoll, for the deed to her conveyed only the north 56½ feet. This was evidently done so that by no possibility could her line take in any part of the foundation wall. After the two descriptions of 20 feet each were taken out, it left 57 feet, if there was the full 97 feet in that part of the lot; and yet in her deed she was given 56½ feet, more or less, as the others were given 20 feet more or less.

The complainant is entitled to have her line settled as a straight line, extending eastward from the north-west corner of her store building, and her title to this made absolute, so far as any claim defendant Reddick may set

up. A decree will be entered here in accordance with this opinion, and reversing the decree of the court below, with costs of both courts to complainant.

The other Justices concurred.